CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 20 2019

JULIA C. DUDLEY, CLERK
BY: /s/ signature
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARRY V. LONG, | ) |
| | ) Civil Action No. 7:19CV00171 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| NEW RIVER VALLEY COMMUNITY | ) Senior United States District Judge |
| SERVICES PACT PROGRAM, et al., | ) |
| | ) |
| Defendants. | ) |

Garry V. Long, proceeding pro se, commenced this action by filing a form complaint against the New River Valley Community Services PACT Program and the federal Department of Housing and Urban Development. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the case will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

Long's form complaint indicates that he seeks to invoke the court's federal question jurisdiction. See Compl. 2, Dkt. No. 2 (checking the box for federal question jurisdiction). In his "statement of the claim," Long lists the following "subject matter[s]": attempted murder; espionage; discrimination; elder abuse; malpractice; denial of medications; antipsychotic drugs; loss of funds from "SSD," "SSI", and "state fuel assistance" checks; persecution; harassment; deceptive fraud; loss of $4,500 car; and disrespect for an elder. Id. 3. Long directs the court to see "attached copies of 19-year study of subject matter[s] listed." Id. The complaint includes approximately 100 pages of handwritten notes and drawings, which are largely indecipherable.

Long indicates that if he receives a "royalty check," he will send money to a variety of charities. Id. 5.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Discussion

Although pro se litigants are held to less stringent standards than attorneys, Haines v. Kerner, 404 U.S. 519, 520 (1972), they must nonetheless "state their claims in an understandable and efficient manner," Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999). The court is "not obliged to ferret through a [c]omplaint, searching for viable claims." Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017) (internal quotation marks omitted). Instead, the court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible

that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Having reviewed the plaintiff's complaint, the court concludes that it must be dismissed for failure to state a claim on which relief may be granted. Even under the most liberal construction, the plaintiff's complaint fails to provide "a short and plain statement" of any claim against the named defendants, as required by Federal Rule of Civil Procedure 8(a)(2). The complaint and the attached exhibits are largely unintelligible and do not provide the court or the defendants with "fair notice" of what the claims are and the grounds upon which they rest. Twombly, 550 U.S. at 555 (internal quotation marks omitted). The plaintiff's conclusory references to such terms or phrases as discrimination, attempted murder, denial of medications, and malpractice do not suffice to state a plausible claim for relief under federal law. Accordingly, dismissal is appropriate.

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, the complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 20th day of February, 2019.

Senior United States District Judge